UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANA PENA, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA, <br><br> Defendant. | Case No. 1:24-cv-00855-JLT-CDB <br><br> ORDER DENYING WITHOUT PREJUDICE MOTION TO APPOINT GUARDIAN AD LITEM FOR PLAINTIFF MELANY JIMENEZ <br><br> (Docs. 28, 29) <br><br> **SEVEN-DAY DEADLINE** |

Pending before the Court is the motion of Plaintiffs Mariana Pena, Jose Jimenez Pena, and minor Melany Jimenez to appoint Mariana Pena as guardian ad litem for Melany Jimenez, filed on December 3, 2025. (Docs. 28, 29). For the reasons set forth herein, the Court will deny Plaintiffs' motion to appoint guardian ad litem without prejudice.

I. **Background**

Plaintiffs initiated this action with the filing of a complaint against Defendant the United States of America on July 24, 2024. (Doc. 1).

On February 24, 2025, after the parties expressed interest in convening for a settlement conference, the matter was referred to Magistrate Judge Erica P. Grosjean for a settlement conference. (Doc. 14). After a continuance, the settlement conference was held on September 23, 2025, before Magistrate Judge Grosjean. The case was not settled. (Doc. 20). On October 3, 2025, upon indication that all parties accepted Magistrate Judge Grosjean's mediator's proposal, the case was deemed settled

1  and the Court ordered Plaintiffs to file an application for minor's compromise consistent with Local
2  Rule 202. (Doc. 23). Upon Plaintiffs' ex parte application (Docs. 24, 25, 26), the Court extended the
3  deadline for the filing of the application to December 12, 2025. (Doc. 27). On December 3, 2025,
4  Plaintiffs filed the pending motion for appointment of guardian ad litem. (Docs. 28, 29).

## II.     Discussion

### A.     Governing Authority

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf. Fed. R. Civ. P. 17(c). A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*. The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings. Cal. Fam. Code §§ 6502, 6601. The Court may appoint a guardian ad litem to represent the minor's interests. Cal. Code Civ. P. § 372(a). To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests. Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court appoints a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id.* (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that

the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id.* (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a) Appointment of Representative or Guardian.  Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person.  See Fed. R. Civ. P. 17(c); …

(c) Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount.  (E.D. Cal. Local Rule 202).

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804.  Fit parents are presumed to act in the best interests of their children. *Troxel v. Granville*, 530 U.S. 57, 66 (2000).  However, "if the parent has an actual or potential conflict of interest with his child, the parent has no right to control or influence the child's litigation." *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

**B.      Analysis**

In their motion, Plaintiffs represent that Melany Jimenez, as a party-minor, cannot appear in this action except through a guardian ad litem.  (Doc. 28 at 2).  Plaintiffs represent that Mariana Pena, the natural mother of Melany Jimenez, is a suitable person to act as guardian ad litem for the minor child in this action because she is fully competent, willing to serve, has no interests adverse to the minor, and seeks appointment solely to protect the minor's rights in this litigation and effectuate settlement. *Id.* Plaintiffs attach the declaration of Mariana Pena in which she attests she is the minor child's natural

mother, is over the age of 18, has no adverse interests to her daughter, is willing to represent her daughter's interests in this action, and will act in the best interest of the minor child. *See* (Doc. 28-1).

However, Plaintiffs' motion does not comply with Local Rule 202(c). The motion does not disclose the terms under which counsel for Plaintiffs were employed and whether counsel became involved in the application at the insistence of the Defendant. Moreover, Plaintiffs' motion does not demonstrate whether counsel for Plaintiffs stands in any relationship to Defendant or whether counsel has received or expects to receive any compensation, from whom, and the amount. *See* Local Rule 202(c).

Accordingly, the Court will deny Plaintiffs' motion without prejudice to Plaintiffs filing of a renewed application compliant with Local Rule 202(c) and this order.

**III.   Conclusion and Order**

Accordingly, it is HEREBY ORDERED:

1. Plaintiffs' motion for the appointment of guardian ad litem for minor Plaintiff Melany Jimenez (Docs. 28, 29) is DENIED without prejudice.
2. Within **seven (7) days** of the date of entry of this order, Plaintiffs SHALL FILE a renewed application that remedies the deficiencies noted above consistent with Local Rule 202(c) and this order.

IT IS SO ORDERED.

Dated:   **December 8, 2025**

UNITED STATES MAGISTRATE JUDGE

4