UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARIANA PENA, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Case No. 1:24-cv-00855-JLT-CDB<br><br>ORDER GRANTING MOTION TO APPOINT GUARDIAN AD LITEM FOR MINOR PLAINTIFF MELANY JIMENEZ<br><br>(Doc. 31)<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT PETITION TO APPROVE SETTLEMENT OF MINOR'S CLAIMS<br><br>(Doc. 33)<br><br>**14-DAY DEADLINE** |

Pending before the Court are two motions filed by Plaintiffs Mariana Pena, Jose Jimenez Pena, and minor Melany Jimenez. Plaintiffs filed a renewed, unopposed motion to appoint guardian ad litem for minor Plaintiff Melany Jimenez (Doc. 31) on December 9, 2025, and an unopposed petition for approval of minor's compromise (Doc. 33) on December 11, 2025. For the reasons set forth below, the undersigned will (1) grant Plaintiffs' unopposed motion to appoint guardian ad litem, and (2) recommend that Plaintiffs' motion for approval of minor's compromise be granted and the settlement approved as it is fair, reasonable, and in the best interests of the child.

///

///

1

## I.    Background

Plaintiffs initiated this action with the filing of a complaint against Defendant the United States of America on July 24, 2024.  (Doc. 1).

On February 24, 2025, after the parties expressed interest in convening for a settlement conference, the matter was referred to Magistrate Judge Erica P. Grosjean for a settlement conference. (Doc. 14).  After a continuance, the settlement conference was held on September 23, 2025, before Magistrate Judge Grosjean.  The case was not settled. (Doc. 20).  On October 3, 2025, upon indication that all parties accepted Magistrate Judge Grosjean's mediator's proposal, the case was deemed settled and the Court ordered Plaintiffs to file an application for minor's compromise consistent with Local Rule 202. (Doc. 23).  At Plaintiffs' request (*see* Docs. 24, 25, 26), the Court extended the deadline for the filing of the application to December 12, 2025. (Doc. 27).  On December 3, 2025, Plaintiffs filed a motion for appointment of guardian ad litem. (Docs. 28, 29).  On December 8, 2025, the Court denied the motion without prejudice for failure to comply with Local Rule 202(c).  (Doc. 30).

Pending before the Court is Plaintiffs' renewed, unopposed motion to appoint guardian ad litem for minor Plaintiff Melany Jimenez (Doc. 31) and unopposed petition for approval of minor's compromise (Doc. 33).

## II.    Legal Standard

### A.  Appointment of Guardian Ad Litem

Pursuant to Rule 17 of the Federal Rules of Civil Procedure, a representative of a minor may sue or defend on the minor's behalf.  Fed. R. Civ. P. 17(c).  A court "must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." *Id*.  The capacity of an individual to sue is determined "by the law of the individual's domicile." Fed. R. Civ. P. 17(b)(1).

Under California law, an individual under the age of 18 is a minor, and a minor may bring suit if a guardian conducts the proceedings.  Cal. Fam. Code §§ 6502, 6601.  The Court may appoint a guardian ad litem to represent the minor's interests.  Cal. Code Civ. P. § 372(a).  To evaluate whether to appoint a particular guardian ad litem, the Court must consider whether the minor and the guardian have divergent interests.  Cal. Code Civ. P. § 372(b)(1); *see id.* § 372(d)(1)–(2) ("Before a court appoints

2

a guardian ad litem pursuant to this chapter, a proposed guardian ad litem shall disclose both of the following to the court and all parties to the action or proceeding: (1) Any known actual or potential conflicts of interest that would or might arise from the appointment[; and] (2) [a]ny familial or affiliate relationship the proposed guardian ad litem as with any of the parties.").

The appointment of the guardian ad litem is more than a mere formality. *United States v. 30.64 Acres of Land, More or Less, Situated in Klickitat Cty., State of Wash.*, 795 F.2d 796, 805 (9th Cir. 1986). A Court shall take whatever measures it deems appropriate to protect the interests of the individual during the litigation. *See id.* (noting, "[a] guardian ad litem is authorized to act on behalf of his ward and may make all appropriate decisions in the course of specific litigation."). The guardian need not possess any special qualifications, but she must "be truly dedicated to the best interests of the person on whose behalf he seeks to litigate." *AT&T Mobility, LLC v. Yeager*, 143 F. Supp. 3d 1042, 1054 (E.D. Cal. 2015) (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990)). This means that the guardian cannot face an impermissible conflict of interest with the ward, and courts consider the candidate's "experience, objectivity and expertise" or previous relationship with the ward. *Id.* (citations omitted).

Further, the Local Rules of the Eastern District of California provide:

(a)    Appointment of Representative or Guardian. Upon commencement of an action or upon initial appearance in defense of an action by or on behalf of a minor or incompetent person, the attorney representing the minor or incompetent person shall present (1) appropriate evidence of the appointment of a representative for the minor or incompetent person under state law or (2) a motion for the appointment of a guardian ad litem by the Court, or (3) a showing satisfactory to the Court that no such appointment is necessary to ensure adequate representation of the minor or incompetent person. See Fed. R. Civ. P. 17(c); …

(c)    Disclosure of Attorney's Interest. When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount. (E.D. Cal. Local Rule 202).

3

The decision to appoint a guardian ad litem "must normally be left to the sound discretion of the trial court." *30.64 Acres of Land*, 795 F.2d at 804.  Fit parents are presumed to act in the best interests of their children.  *Troxel v. Granville*, 530 U.S. 57, 66 (2000).  However, "if the parent has an actual or potential conflict of interest with [their] child, the parent has no right to control or influence the child's litigation."  *Molesky for J.M. v. Carillo*, No. 1:22-cv-1567-ADA-CDB, 2022 WL 17584396, at *1 (E.D. Cal. Dec. 12, 2022) (quoting *Williams v. Super. Ct. of San Diego*, 147 Cal. App. 4th 36, 50 (2007)).

### B.  Settlements Involving Minors

District courts have a special duty to safeguard the interests of litigants who are minors.  Federal Rule of Civil Procedure 17(c); *Robidoux v. Rosengren*, 638 F.3d 1177, 1181 (9th Cir. 2011).  "In the context of proposed settlements in suits involving minor plaintiffs, this special duty requires a district court to 'conduct its own inquiry to determine whether the settlement serves the best interests of the minor."  *Robidoux*, 638 F.3d at 1181 (quoting *Dacanay v. Mendoza*, 573 F.2d 1075, 1080 (9th Cir. 1978)).  This "special duty" attaches under *Robidoux* where, as here, a plaintiff's claims arise under federal statute. *Id.* at 11

The Local Rules for this district provide that "[n]o claim by or against a minor…may be settled or comprised absent an order by the Court approving the settlement or compromise."  L.R. 202(b).  Under the circumstances of this case, the motion for approval of a proposed settlement shall be filed pursuant to Local Rule 202, and must disclose, among other things, the following:

> the age and sex of the minor or incompetent, the nature of the causes of action to be settled or compromised, the facts and circumstances out of which the causes of action arose, including the time, place and persons involved, the manner in which the compromise amount or other consideration was determined, including such additional information as may be required to enable the Court to determine the fairness of the settlement or compromise, and, if a personal injury claim, the nature and extent of the injury with sufficient particularity to inform the Court whether the injury is temporary or permanent.  If reports of physicians or other similar experts have been prepared, such reports shall be provided to the Court.  The Court may also require the filing of experts' reports when none have previously been prepared or additional experts' reports if appropriate under the circumstances.

L.R. 202(b)(2). Local Rule 202 also sets forth requirements concerning information that must be disclosed regarding attorney representation: "When the minor or incompetent is represented by an attorney, it shall be disclosed to the Court by whom and the terms under which the attorney was employed; whether the attorney became involved in the application at the instance of the party against whom the causes of action are asserted, directly or indirectly; whether the attorney stands in any relationship to that party; and whether the attorney has received or expects to receive any compensation, from whom, and the amount." L.R. 202(c).

## III.    Discussion

### A.  Motion to Appoint Guardian Ad Litem

Plaintiffs' motion represents that Plaintiff Melany Jimenez, as a minor, cannot appear in this action except through a guardian ad litem. (Doc. 31 at 3). Plaintiffs represent that Mariana Pena, the natural mother of Melany Jimenez, is a suitable person to act as guardian ad litem for the minor child in this action because she is fully competent, willing to serve, has no interests adverse to the minor, and seeks appointment solely to protect the minor's rights in this litigation and effectuate settlement. *Id.* Plaintiffs attach the declaration of Mariana Pena, stating therein that she is the minor child's natural mother, is over the age of 18, has no adverse interests to her daughter, is willing to represent her daughter's interests in this action, and will act in the best interest of the minor child. *See* (Doc. 31-1).

The motion discloses that Plaintiffs were previously represented by the Law Office of Anthony Paglia, a Nevada-based personal injury firm, during the administrative claims process with the United States Army. Upon denial of the administrative claims, Plaintiffs' prior counsel contacted present counsel at The Veen Firm. Present counsel agreed to take Plaintiffs' case on a contingency fee basis, capped at 25% pursuant to the Federal Tort Claims Act and 28 U.S.C. § 2678. *Id.* at 3. Plaintiffs' counsel represent that they will not be taking attorney's fees or costs from the resolution of minor Plaintiff Melany Jimenez's claims. Counsels' contingency fee will be drawn from the settlement amounts for adult Plaintiffs Mariana Pena and Jose Jimenez Pena, as well as costs of suit. Counsel states they do not stand in any relationship to Defendant or Defendant's counsel and did not become involved in this action at the instance of the Defendant or any party acting on their behalf. *Id.* at 4.

Courts in the Eastern District of California generally set a benchmark of 25% for award for

attorneys' fees in contingency cases involving minors.  *See Chance v. Prudential Ins. Co. of Am.*, No. 1:15-cv-01889-DAD-JLT, 2016 WL 3538345, at *3 (E.D. Cal. June 29, 2016) (collecting cases); *Sykes v. Shea*, No. 2:16-2851 WBS GGH, 2018 WL 2335774, at *1 (E.D. Cal. May 23, 2018) ("It has been the practice in the Eastern District of California to consider 25% of the recovery as the benchmark for attorney's fees in contingency cases involving minors.").

Here, Plaintiffs' counsel seeks a contingency fee of 25% from the settlement amount granted to the adult Plaintiffs only.  The Court finds that the standards for the appointment of Mariana Pena have been met and that she is competent and qualified to serve as guardian ad litem for Melany Jimenez.  *See*, *e.g.*, *I.W. by & through Aguirre v. Clovis Unified Sch. Dist.*, No. 1:24-CV-01074-JLT-BAM, 2024 WL 4216753, at *1 (E.D. Cal. Sept. 17, 2024) (appointing minor Plaintiff's mother as guardian ad litem); E.D. Cal. Local Rule 202(c).

Accordingly, the Court will grant Plaintiffs' motion to appoint guardian ad litem.  (Doc. 31).

**B.  Petition for Approval of Minor's Compromise**

Minor Plaintiff Melany Jimenez is the daughter of Plaintiff Mariana Pena and 11 years old at present.  (Doc. 33 at 1).  The motion identifies the claims to be settled, brought pursuant to the Federal Tort Claims Act and arising from a motor vehicle collision that occurred on May 13, 2022, in Bakersfield, California, involving Plaintiffs and an employee of the United States Army.  The parties accepted a mediator's proposal issued by Magistrate Judge Grosjean following a settlement conference on September 23, 2025.  *Id.* at 2.

### i.    *Award and Disbursement*

The petition provides that, due to the government shutdown, Plaintiffs have not yet been provided copies of the proposed settlement agreement.  Defendant has agreed to pay $111,000 to Plaintiffs in exchange for Plaintiffs' agreeing to release Defendant and dismiss this action.  Mariana Pena is to receive $65,100, Jose Jimenez Pena is to receive $43,400, and Melany Jimenez is to receive $2,500.  *Id.* at 2-3.  Plaintiffs request  that the Court authorize direct disbursement of the $2,500 for Melany Jimenez to the minor Plaintiff, by and through guardian ad litem Mariana Pena, rather than require the funds be deposited in a blocked account as "the administrative burden and costs associated with establishing and maintaining a blocked account would be disproportionate to the value of the

settlement." *Id.* at 5.

The undersigned finds that disbursement of the minor's funds by payment to Mariana Pena, as guardian ad litem of Melany Jimenez, is appropriate in light of the circumstances. *See Collins v. United States*, No. 2:20-CV-2458 JAM-DMC, 2022 WL 3969552, at *4 (E.D. Cal. Aug. 31, 2022) (finding reasonable payment of $1,500 for each of three minor plaintiffs to their mother, who was also a plaintiff and acting as their guardian ad litem).

### ii.    *Attorney Representation*

The motion also provides the relevant background regarding the relationship of counsel to Plaintiffs and Defendant, particularly that counsel has no relationship with Defendant and is not representing or employed by any other party involved in the matter, no one from Defendant or acting on its behalf was involved in counsel's retention by Plaintiffs, and the fact that counsel has not received any compensation as of yet and will not receive any aside from attorney's fees. (Doc. 33 at 4-5). Plaintiffs attach the declaration of counsel William T. Bandettini setting forth the same. *See* (Doc. 33-1).

### iii.    *Attorney's Fees and Costs*

As noted *supra*, courts in the Eastern District of California consider 25 percent of the recovery as the benchmark for attorney's fees in contingency cases involving minors. *See Chance*, 2016 WL 3538345, at *3 (citing cases). However, the Ninth Circuit holds that the fairness of a minor plaintiff's recovery should be evaluated "without regard to the proportion of the total settlement value designated for . . . plaintiffs' counsel." *Robidoux*, 638 F.3d at 1182.

Plaintiffs represent that counsel expects to receive attorney's fees in the amount of $27,125.00. (Doc. 33 at 5). This amount is 25% of the total settlement amount, minus the $2,500 allotted for Melany Jimenez (*i.e.*, 25% of $108,500). As no amount of the attorney's fees or costs are to come from minor Plaintiff's funds (*id.* at 4), with the total fees at the 25% benchmark and litigation of the action lasting approximately one year, the Court finds the attorney's fees and costs to be fair.

### iv.    *Sufficient Particularity Regarding Injury*

Plaintiffs represent that Melany Jimenez's injuries were "minor in nature and did not require any medical treatment" and she claimed no economic damages as her injuries were non-economic in nature.

*Id.* at 3-4. Her injuries consisted of a stiff neck for a day, with her complaints subsiding shortly thereafter. She also had mental health complaints, namely anxiety and symptoms consistent with post-traumatic stress disorder. These issues "only arose when she rode in a vehicle, on the freeway, and next to big semi-trucks." Plaintiffs provide that, due to the limited nature of these complaints, "she did not require any mental health treatment" and her "anxiety and fear of riding in a car has largely resolved given her young age at the time of the incident." *Id.* at 2. Plaintiffs do not attach any expert reports or consultations to their motion.

### *v.*      *Recovery in Similar Actions*

The Court is required to consider the outcome of similar cases to determine whether the sum to settle the child's claims is reasonable. *Robidoux*, 638 F.3d at 1181.

First, the Court finds that the posture of this case does not present an obstacle to approval of the settlement of minor's claims. *See Rivett v. United States*, No. 2:21-CV-00717-DAD-AC, 2023 WL 4238909, at *1 (E.D. Cal. June 28, 2023) (approving verbal settlement agreement in action against United States where terms were entered on the record during settlement conference).

Second, though Plaintiffs' counsel do not set forth the amount intended to be recovered as costs, they assert that no costs will be deducted from the minor Plaintiff's distribution of the settlement funds. (Doc. 33 at 4; Doc. 33-1 ¶ 6).

Third, Plaintiffs did not provide accounts of recovery in similar actions within the motion. The undersigned has compared the facts and circumstances of this case to somewhat similar cases and finds that this comparison supports a conclusion that the proposed settlement is reasonable. *See*, *e.g.*, *Collins*, 2022 WL 3969552 (finding reasonable $1,500 for each of three minor plaintiffs and $25,500 for adult plaintiff, minus 25% as attorney's fees and reimbursement for medical liens, where plaintiffs alleged that a park ranger caused a motor vehicle collision); *De La Cruz v. U.S. Postal Serv.*, No. 1:08-cv-0018-OWW-DLB, 2010 WL 319670 (E.D. Cal. Jan. 20, 2010) (finding reasonable $5,000 for each of two minor plaintiffs, minus 25% as attorney's fees, in a motor vehicle collision where both minor plaintiffs made a full recovery), *report and recommendation adopted* 2010 WL 624432 (E.D. Cal. Feb. 17, 2010).

Though the above-cited cases each present certain distinctions, they each involve allegations where a minor suffered relatively mild medical issues as a result of a motor vehicle collision and made

8

a full recovery. The proposed settlement amount presented by the parties here is aligned with these other cases involving similar factual scenarios.

In sum, the Court finds that the proposed settlement amount is fair, reasonable, and in the best interests of the child when compared to similar settlements and based on the particular facts of this case.

**IV.    Conclusion, Order, and Recommendations**

For the foregoing reasons, it is HEREBY ORDERED that Plaintiffs' motion to appoint Mariana Pena as guardian ad litem (Doc. 31) for minor Melany Jimenez is GRANTED. Mariana Pena is appointed to act as guardian ad litem for Melany Jimenez and is authorized to prosecute the action on Melany Jimenez's behalf.

And the undersigned HEREBY RECOMMENDS that:

1.  The motion to approve settlement of the minor's claims (Doc. 33) be APPROVED IN FULL;

2.  Plaintiffs' counsel be awarded $27,125.00 in attorney's fees; and

3.  The parties be DIRECTED to file with the Court a stipulation for dismissal of the action with prejudice no later than 45 days after entry of the Court's order approving the minor's compromise.

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within 14 days after being served with these findings and recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **January 20, 2026**                  _____

UNITED STATES MAGISTRATE JUDGE